

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

April 5, 2005

Mr. Raymund A. Paredes
Commissioner of Higher Education
Texas Higher Education Coordinating Board
Post Office Box 12788
Austin, Texas 78711

Opinion No. GA-0314

Re: Whether a junior college district's statutorily defined service area is extended when the district provides services outside that area (RQ-0280-GA)

Dear Commissioner Paredes:

On behalf of the Brazosport College District (the "Brazosport CD") and the Alvin Community College District (the "Alvin CCD"), you ask, in essence, whether a junior college district's statutorily defined service area is extended when the district provides services outside that area.[1]

Your query arises from a dispute between the Brazosport CD and the Alvin CCD (the "districts") over the reach of the Alvin CCD's service area. *See* Request Letter, *supra* note 1, at 1. Under the Education Code, a junior college district's service area may extend beyond the boundaries of its taxing district, the area in which it levies taxes. *See* TEX. EDUC. CODE ANN. § 130.161(2) (Vernon 2002). Subchapter J of chapter 130 of the Education Code establishes the boundaries of each Texas junior college district's service area. *See id.* §§ 130.162-.211 (Vernon 2002 & Supp. 2004-05). The extent of a junior college district's service area is legally significant because, for example, certain district authority with respect to real property transactions is limited to the district's service area,[2] a district may annex territory in its service area,[3] and a district may reduce tuition for certain students who reside in its service area outside its taxing district.[4] Sections 130.163 and 130.170 of the Education Code establish the two districts' service areas.[5]

---

[1]Letter from Commissioner Raymund A. Paredes, Commissioner of Higher Education, Texas Higher Education Coordinating Board, to Honorable Greg Abbott, Texas Attorney General (Oct. 18, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]*See, e.g.,* TEX. EDUC. CODE ANN. §§ 130.0021, .086(c) (Vernon 2002).

[3]*See id.* § 130.063(a).

[4]*See id.* § 130.0032(c).

[5]*See id.* §§ 130.163 ("The service area of the Alvin Community College District includes the territory within: (1) the Alvin, Danbury, and Pearland independent school districts; and (2) the part of the Angleton Independent School

(continued...)

Chapter 130 of the Education Code does not directly address whether junior college districts may provide services outside their service areas. Section 130.006 provides limited authority for a junior college district to enter into a contract with an independent school district located in a county contiguous to, but not a part of, the college district to provide college courses in the school district's facilities. *See id.* § 130.006 (Vernon 2002). Prior to its amendment in 1999, section 130.086(a) authorized a junior college district to operate branch campuses "without regard to the geographical bounds of the junior college district." *See* Act of May 31, 1975, 64th Leg., R.S., ch. 689, § 1, 1975 Tex. Gen. Laws 2109, *amended by* Act of May 26, 1999, 76th Leg., R.S., ch. 1424, § 1, 1999 Tex. Gen. Laws 4863. Section 130.086(a) now generally limits branch campuses, centers, and extension facilities to a junior college district's service area, *see* TEX. EDUC. CODE ANN. § 130.086(a) (Vernon 2002), but then-existing programs were not affected by the 1999 change, *see id.* § 130.086(g); Tex. Att'y Gen. Op. No. JC-0332 (2001) at 3 (discussing Education Code section 130.086). However, section 130.086 "does not affect the authority" of the Higher Education Coordinating Board (the "Coordinating Board") "regarding the continued operation of a branch campus, center, or extension facility." TEX. EDUC. CODE ANN. § 130.086(h) (Vernon 2002).

Section 61.051(j) of the Education Code grants the Coordinating Board general authority to approve off-campus and distance-learning courses offered by institutions of higher education, including junior college districts. *See id.* § 61.051(j) (Vernon 1996). It specifically states that the Coordinating Board "may not prohibit a public junior college district from offering a course for credit outside the boundaries of the junior college district when such course has met the requirements for approval as adopted by the board." *Id.* With respect to courses offered within the boundaries of another junior college district, however, section 130.086(d) more specifically provides that a public junior college may offer a course within the service area of another junior college district only if it is "established that the second public junior college . . . is unable to offer the course" and the Coordinating Board grants approval. *See id.* § 130.086(d) (Vernon 2002). While subsections (a) and (c) of section 130.086 do not apply to a branch campus, center, or extension facility established before September 1, 1999, its other subsections apply to all such programs or other courses. *See id.* § 130.086(g).

You inform us that the Alvin CCD has provided college-level courses at two Texas Department of Criminal Justice ("TDCJ") prison units for several decades. *See* Request Letter, *supra* note 1, at 1. The Alvin CCD has provided the courses pursuant to contracts with TDCJ and its Windham School District.[6] The units are located within the Brazosport CD service area as

---

[5](...continued)
District annexed by the community college district before September 1, 1995."), 130.170 ("The service area of the Brazosport College District includes the territory within: (1) the Brazosport, Columbia-Brazoria, Sweeny, and Damon independent school districts; and (2) the Angleton Independent School District, except the part annexed by the Alvin Community College District before September 1, 1995.").

[6]*See* Brief from David M. Feldman, Attorney for Alvin Community College District, to Honorable Greg Abbott, Texas Attorney General at 1-2 (Sept. 24, 2004) (attachments) (on file with Opinion Committee) [hereinafter Supplemental Alvin CCD Brief]. The Education Code establishes the Windham School District as an entity distinct from TDCJ. *See* TEX. EDUC. CODE ANN. § 19.002 (Vernon 1996) ("The school district established by the Texas Board of
(continued...)

described in section 130.170 and not within the Alvin CCD service area as described in section 130.163. *See id.*; TEX. EDUC. CODE ANN. §§ 130.163, .170 (Vernon 2002).[7] Because the prison unit courses are offered by the Alvin CCD within the Brazosport CD service area, the courses are subject to Coordinating Board approval and regulation pursuant to subsection (d) of section 130.086, even though the Alvin CCD has been providing services at the two prison units since before September 1, 1999. *See* TEX. EDUC. CODE ANN. § 130.086(d), (g)-(h); *see also id.* § 61.051(j) (Vernon 1996).

The Alvin CCD claims that because it provides services at the prison units, the units are within its service area. *See* Request Letter, *supra* note 1, at 1.[8] The Brazosport CD does not object to the Alvin CCD providing services at the prison units, but asserts that the fact that the Alvin CCD provides services at the units does not bring the units within the Alvin CCD's service area.[9] The Coordinating Board's general counsel rendered an advisory opinion concluding that the Alvin CCD's service area does not include the prison units.[10] The Alvin CCD disagreed with this conclusion,[11] and you submitted this request on the districts' behalf. *See id.* There are no judicial or attorney general opinions that resolve the issue.

The districts' dispute centers on section 130.161 of the Education Code, which defines the terms "services" and "service area" for subchapter J:

---

[6](...continued)
Corrections in 1969 shall be known as the Windham School District, an entity that is separate and distinct from the Texas Department of Criminal Justice. The district may establish and operate schools at the various facilities of the Texas Department of Criminal Justice."). The Windham School District is not a school district under the Education Code unless specifically provided. *See id.* § 19.004(a) ("The district shall be governed as provided by this chapter and policies established by the board. Unless otherwise specifically provided, a provision of this code applying to school districts does not apply to the district.").

[7]The Alvin CCD acknowledges that the prison units are geographically located within the Brazosport CD service area described by section 130.170(2) of the Education Code, *see supra* note 5, but contends that the units are not "legally" located within the Brazosport CD service area because the Windham School District is not part of the Angleton Independent School District. *See* Supplemental Alvin CCD Brief, *supra* note 6, at 2. However, the Windham School District is not generally a school district under the Education Code, *see supra* note 6, and the Windham School District programs at the prison units do not remove the units from the territory described in section 130.170(2).

[8]*See also* Brief from David M. Feldman, Attorney for Alvin Community College District, to Honorable Greg Abbott, Texas Attorney General at 2-4 (July 21, 2004) (on file with Opinion Committee) [hereinafter Alvin CCD Brief].

[9]*See* Brief from Lisa A. Brown, Attorney for Brazosport College District, to Honorable Greg Abbott, Texas Attorney General at 1 (Sept. 2, 2004) (on file with Opinion Committee) [hereinafter Brazosport CD Brief]; *see also* Letter from Lisa A. Brown, Attorney for Brazosport College District, to Honorable Greg Abbott, Texas Attorney General (Oct. 25, 2004) (on file with Opinion Committee).

[10]*See* Letter from Teri E. Flack, Interim Commissioner of Higher Education, to John Pickelman, Chancellor, North Harris Montgomery County Community College District (June 9, 2004) (attached to Brazosport CD Brief).

[11]*See* Letter from Carolyn Hanahan, Feldman & Rogers, to Jan Greenberg, General Counsel, Texas Higher Education Coordinating Board (July 21, 2004) (attached to Alvin CCD Brief).

In this subchapter:

>     (1) "Services" means the courses and programs described by Sections 130.0011 and 130.003(e).

>     (2) "Service area" means:

>         (A) the territory within the boundaries of the taxing district of a junior college district; and

>         (B) the territory outside the boundaries of the taxing district of a junior college district in which the junior college district provides services.

TEX. EDUC. CODE ANN. § 130.161 (Vernon 2002). Sections 130.162 through 130.211, the remaining subchapter J provisions, define a specific service area for each Texas junior college district. *See id.* §§ 130.162-.211 (Vernon 2002 & Supp. 2004-05).

Section 130.161(2)(B) clearly establishes that a junior college district's service area includes territory outside the boundaries of its taxing district. However, the Alvin CCD contends that section 130.161(2)(B) operates to include within a district's service area *any location* outside the taxing district where the district provides services, including locations outside the district's statutorily defined service area. *See* Alvin CCD Brief, *supra* note 8, at 4.

The Alvin CCD construes section 130.161(2)(B) in isolation whereas the Code Construction Act and case law require us to view it in the context of subchapter J as a whole. *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005) ("Words and phrases shall be read in context[.]"); *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001) ("[W]e must always consider the statute as a whole rather than its isolated provisions. We should not give one provision a meaning out of harmony or inconsistent with other provisions, although it might be susceptible to such a construction standing alone."). It is plain from subchapter J's face that the statute's purpose is to definitively delineate service areas for Texas' many junior college districts. *See* TEX. EDUC. CODE ANN. §§ 130.162-.211 (Vernon 2002 & Supp. 2004-05). This purpose is also clear from the legislative history. The legislature enacted subchapter J in 1995 as Senate Bill 397. Both bill analyses for Senate Bill 397 indicate the legislature's intent to establish fixed service areas to avoid duplication of services:

>     Community colleges now serve both their official taxing district as well as areas outside the taxing district which have been assigned to community colleges by the Texas Higher Education Coordinating Board. Creation of delineated community college service areas may help avoid duplication of services. . . . As proposed, C.S.S.B. 397 requires each community college district to have a recognized service area. [C.S.S.B 397] [s]ets forth the service area of each district.

SENATE COMM. ON EDUCATION, BILL ANALYSIS, Tex. Comm. Subst. S.B. 397, 74th Leg., R.S. (1995); *see also* HOUSE COMM. ON HIGHER EDUCATION, BILL ANALYSIS, Tex. S.B. 397, 74th Leg., R.S. (1995). Construing the term "service area" in section 130.161(2) to permit a junior college district to unilaterally extend its statutorily defined service area merely by providing services outside that territory would defeat the legislature's painstaking effort in sections 130.162 through 130.211 to precisely delineate a fixed service area for each Texas junior college district. *See* TEX. GOV'T CODE ANN. § 311.023(1), (3), (5) (Vernon 2005) (in construing a statute, a court may consider the object sought to be attained, legislative history, and the consequences of a particular construction).

Furthermore, section 130.161(1) provides a very specific definition for the term "services" in subchapter J, which the Alvin CCD does not address but must also guide our construction of section 130.161(2)(B). *See id.* § 311.011(b) ("Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."). Specifically, section 130.161(1) defines services as "the courses and programs described by [s]ections 130.0011 and 130.003(e)." TEX. EDUC. CODE ANN. § 130.161(1) (Vernon 2002).

Section 130.0011 establishes junior colleges' mission as follows:

> Texas public junior colleges shall be two-year institutions primarily serving their local taxing districts and service areas in Texas and offering vocational, technical, and academic courses for certification or associate degrees. Continuing education, remedial and compensatory education consistent with open-admission policies, and programs of counseling and guidance shall be provided. Each institution shall insist on excellence in all academic areas – instruction, research, and public service. Faculty research, using the facilities provided for and consistent with the primary function of each institution, is encouraged. Funding for research should be from private sources, competitively acquired sources, local taxes, and other local revenue.

*Id.* § 130.0011. Similarly, section 130.003(e) establishes that

> [t]he purpose of each public community college shall be to provide:
>
> (1) technical programs up to two years in length leading to associate degrees or certificates;
>
> (2) vocational programs leading directly to employment in semi-skilled and skilled occupations;
>
> (3) freshman and sophomore courses in arts and sciences;
>
> (4) continuing adult education programs for occupational or cultural upgrading;

(5) compensatory education programs designed to fulfill the commitment of an admissions policy allowing the enrollment of disadvantaged students;

(6) a continuing program of counseling and guidance designed to assist students in achieving their individual educational goals;

(7) work force development programs designed to meet local and statewide needs;

(8) adult literacy and other basic skills programs for adults; and

(9) such other purposes as may be prescribed by the Texas Higher Education Coordinating Board or local governing boards in the best interest of post-secondary education in Texas.

*Id.* § 130.003(e).

Sections 130.0011 and 130.003(e) establish the basic courses and programs a junior college district must offer. *See id.* §§ 130.0011, .003(e). And section 130.0011 expressly states that a junior college district's primary mission is to serve its taxing districts and service area, clearly referring to a limited, fixed territory. *See id.* § 130.0011 ("Texas public junior colleges shall be two-year institutions primarily serving their local taxing districts and service areas in Texas . . . ."). Thus, we conclude that sections 130.0011 and 130.003(e) describe basic, core services to be delivered within a predefined, fixed territory, not any and all services a junior college district may be authorized to provide.

Given the section 130.161(1) definition of "services," which specifically limits the term to courses and programs provided under sections 130.0011 and 130.003(e), the phrase "territory outside the boundaries of the taxing district of a junior college district in which the junior college district provides services" in section 130.161(2)(B) does not operate to include territory in a junior college district's service area simply because the junior college district provides services there. Rather it refers to core junior college district services mandated by sections 130.0011 and 130.003(e) that the district provides within its legislatively fixed service area. According to its plain terms, section 130.161(2)(B) does not operate to include within a junior college district's service area every location where the junior college district provides services.

Accordingly, we conclude that a junior college district's statutorily defined service area is not extended when it provides services outside that area. With respect to the dispute at hand, the fact that the Alvin CCD provides services in prison units outside its section 130.163 service area does not extend its service area to include those locations.

## S U M M A R Y

A junior college district's statutorily defined service area is not extended when it provides services outside that area. The fact that the Alvin Community College District provides services in prison units outside its Education Code section 130.163 service area does not extend its service area to include those locations.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee